IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: DAIMLER TRUCK NORTH AMERICA, LLC <br><br> US-LIT CHISUM 22-B LLC, <br><br> Petitioner, <br><br> v. <br><br> DAIMLER TRUCK NORTH AMERICA, LLC, <br><br> Respondent. | Civil Action No. 23-mc-90-RGA-SRF |

### MEMORANDUM ORDER

At Wilmington this **10th** day of **March, 2023**, the court having considered the parties' submissions regarding US-Lit Chisum 22-B LLC's ("LUSC 22-B" or "Petitioner") Motion to Quash Subpoena and Transfer to the United States District Court for the Western District of North Carolina ("Motion"),[1] (D.I. 1), IT IS HEREBY ORDERED that LUSC 22-B's Motion is GRANTED-IN-PART insofar as the request that the Court transfer Petitioner's Motion to the United States District Court for the Western District of North Carolina is GRANTED.

1. **Background.** Daimler Truck North America, LLC ("DTNA") served LUSC 22-B, a Delaware Limited Liability Company ("LLC"), documents and deposition subpoenas that issued from the Western District of North Carolina. (D.I. 3, Exs. 1–2) LUSC 22-B moves to quash the subpoenas, or alternatively, transfer the motion back to the issuing court. (D.I. 1)

---

[1] The briefing for the pending Motion is as follows: Petitioner's opening brief (D.I. 2) and Respondent's responsive brief (D.I. 11).

2.  DTNA is the Defendant in a patent infringement case brought by Electrolysis Prevention Sols. LLC ("EPS") in the Western District of North Carolina ("Patent Case").[2] *(See* No. 21-171 (W.D.N.C.), D.I. 1) The Patent Case relates to alleged infringement of a patent pertaining to radiators for motor vehicles. *(Id.)*

3.  LUSC 22-B asserts that the patent-in-suit is owned by the inventor Frank Catalano. (D.I. 3 at ¶ 3) EPS is the exclusive licensee of the patent-in-suit and Catalano is the sole member of EPS. *(Id.* at ¶¶ 4–5)

4.  In the Patent Case, claim construction is completed, Fact Discovery is set to close on March 17, 2023, and trial is scheduled to begin on January 2, 2024. (No. 21-171 (W.D.N.C.), D.I. 41; D.I. 62)

5.  On February 9, 2023, DTNA subpoenaed non-party LUSC 22-B seeking documents and deposition testimony regarding a litigation financing arrangement between LUSC 22-B and EPS as well as information about LUSC 22-B's formation and business interests. (D.I. 3, Exs. 1–2) The subpoenas in issue were served by DTNA following receipt of discovery from EPS in the Patent Case which disclosed that EPS entered into a litigation financing arrangement with LUSC 22-B. *(Id.,* Ex. 5 at 16) EPS objected to discovery of information about the transaction based on its lack of relevance to any claim or defense at issue in the Patent Case. *(Id.,* Ex. 6 at 27) To date, DTNA has not moved to compel EPS to provide further information in the Patent Case on its litigation financing arrangement with LUSC 22-B.

6.  LUSC 22-B has objected to the subpoenas in issue on the basis that the discovery is not relevant to any claim or defense in the Patent Case, it presents an undue burden on a non-

---

[2] *Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am.*, No. 3:21-cv-171-RJC-WCM (W.D.N.C. Apr. 19, 2021).

party, DTNA failed to seek the information first from EPS in the Patent Case, and the discovery is protected based upon the work product and/or common interest privileges. (D.I. 2 at 8–13) DTNA argues that the discovery sought is relevant to multiple issues in the Patent Case such as damages, standing, identification of the real party in interest, the credibility of EPS's witnesses, and EPS's potential "David v. Goliath" trial theme. (D.I. 11 at 9–13)

7. **Legal Standard.** Rule 45(f) of the Federal Rules of Civil Procedure authorizes a court to transfer subpoena-related motions from the "court where compliance is required" to the court where the underlying action is pending if the "person subject to the subpoena consents or if the court finds exceptional circumstances." *See also* Fed. R. Civ. P. 45, Committee Notes on Rules (2013) ("In new Rule 45(f) . . . consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court.").

8. **Analysis.** LUSC 22-B argues this Motion should be transferred back to the Western District of North Carolina pursuant to Federal Rule of Civil Procedure 45(f). (D.I. 2 at 13–15) DTNA opposes transfer on the basis that "[LUSC 22-B] is a Delaware entity that has chosen to avail itself of Delaware law." (D.I. 11 at 2) DTNA further argues that transfer is discretionary notwithstanding LUSC 22-B's consent. (*Id.* at 19)

9. DTNA has cited no authority supporting denial of a motion to transfer when the party subject to the subpoena consented to have the matter transferred to the issuing court. (*Id.* at 19–20) Therefore, LUSC 22-B's consent is sufficient to warrant transfer. *See* Fed. R. Civ. P. 45(f).

10. Additionally, though not required, the court finds that exceptional circumstances are present which warrant transfer. First, transfer would avoid interference with the time

sensitive discovery schedule in the Patent Case. Fact Discovery closes on March 17, 2023, and the Western District of North Carolina will be able to manage scheduling changes, if any, resulting from the disposition of this Motion. Second, transfer is appropriate because the Western District of North Carolina may have to rule on similar discovery issues between EPS and DTNA, and it is preferable to avoid the risk of inconsistent rulings. Transfer is likewise appropriate because the issuing court has greater involvement and more familiarity with the underlying patent litigation such that transfer back to that court promotes judicial economy. *See North Atlantic Operating Co., Inc. v. Dunhuang Group*, No. 18-mc-154-LPS, 2018 WL 3381300, at *2 (D. Del. July 11, 2018) (transferring so as to not disrupt the issuing court's case management schedule and because it has more familiarity with the litigation which will allow it to resolve issues, enforce any rulings, and avoid inconsistent rulings).

11. The court's ruling granting LUSC 22-B's Motion to Transfer the Motion to Quash the subpoenas to the Western District of North Carolina makes it unnecessary for this court to address the parties' substantive arguments regarding the Motion to Quash.

12. **Conclusion.** For the foregoing reasons, LUSC 22-B's Motion (D.I. 1), is GRANTED-IN-PART. The Motion to Quash is transferred to the United States District Court for the Western District of North Carolina.

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

14. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE